UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON NEIDLINGER,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

No. 2:17-cv-2423 DB

ORDER

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that plaintiff is entitled to widow's benefits. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

On October 21, 2010, plaintiff filed an application for Widow's Insurance Benefits under Title II of the Social Security Act ("the Act"). (Transcript ("Tr.") at 14, 49-52.) Plaintiff's application was denied initially, (id. at 53-55), and upon reconsideration. (Id. at 61-64.)

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 12.)

1

Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on July 28, 2016. (Id. at 22-48.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 22-24.) In a decision issued on October 7, 2016, the ALJ found that plaintiff was not the widow of a deceased worker. (Id. at 21.) The ALJ entered the following findings:

> 1. The claimant was not married to the insured worker for at least 9 months before he died.
>
> 2. The claimant was married to the insured worker at the time of his death, but the 9 month requirement is not deemed to have been met as his death was not accidental.
>
> 3. The duration of marriage requirement is not deemed to have been met because, under the Regulations, the claimant was not the biological mother of a biological child of the insured.
>
> 4. Under the regulations, the claimant is not the unmarried widow of the deceased insured worker.
>
> 5. The claimant cannot be found to have been under a disability, as defined in the Social Security Act, from October 1, 2010, through the date of this decision (20 CFR 404.1520(c)).

(Id. at 17-21.)

On September 14, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's October 7, 2016 decision. (Id. at 4-7.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 16, 2017. (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

## APPLICATION

Plaintiff's pending motion asserts the following two principal claims: (1) plaintiff was entitled to benefits as the result of conceiving a child with the insured; and (2) the ALJ erred in finding that the insured's death was not accidental. (Pl.'s MSJ (ECF No. 15) at 4-12.[2])

**I.   Conceiving a Child**

A widow is entitled to benefits after the death of the insured if the "relationship to the insured as a wife . . . lasted for at least 9 months immediately before the insured died." 20 C.F.R. § 404.335(a)(1). One exception to the 9-month duration of marriage requirement is if the widow "and the insured were the natural parents of a child[.]" 20 C.F.R. § 404.335(a)(3). Plaintiff acknowledges that plaintiff's marriage to the insured was "10 days short of the nine-month marriage" period required under 20 C.F.R. § 404.335(a)(1). (Pl.'s Reply (ECF No. 22) at 1.)

Plaintiff argues, however, that because plaintiff and the insured "conceived a child," plaintiff is entitled to widow's benefits even though that pregnancy ended in miscarriage. (Pl.'s MSJ (ECF No. 15) at 4-5.) In this regard, plaintiff argues that the miscarriage occurred "at five-and-a-half months," and, therefore, "involved a potentially viable fetus[.]" (Id. at 5.) 20 C.F.R. § 404.335(a)(3), however, applies on the condition of being "natural parents of a child," not the occurrence of conception or a viable fetus.

Plaintiff argues that the court should rely on the policy of the Family Servicemembers Group Life Insurance issued through the Department of Veterans Affairs ("VA"), which defines a "dependent child" as one completing "20 or more weeks in utero[.]" (Pl.'s MSJ (ECF No. 15) at 5.) It is true that the Ninth Circuit has held that VA disability ratings are entitled to "great weight . . . 'because of the marked similarity between these two federal disability programs.'" Luther v. Berryhill, 891 F.3d 872, 876 (9th Cir. 2018) (quoting McCartey v. Massanari, 298 F.3d 1072,

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

3

1076 (9th Cir. 2002)). The court, however, is not aware of any holding from the Ninth Circuit, or any court, applying the policy of the VA's Family Servicemembers Group Life Insurance to widow's benefits.

The argument presented by plaintiff is novel. It is possible a higher court may find the argument persuasive and issue an opinion providing persuasive or binding authority. This court, however, must review the ALJ's decision for legal error. Based on the current record and state of the law, the court cannot find that the ALJ's decision was the result of legal error. Accordingly, plaintiff is not entitled to summary judgment with respect to this claim.

**II.     Accidental Death**

A second exception to the 9-month duration of marriage requirement applies where "[a]t the time of your marriage the insured was reasonably expected to live for 9 months, and the death of the insured was accidental." 20 C.F.R. § 404.335(a)(2)(i). Here, however, the insured's death was not accidental but instead the result of intentional and voluntary suicide. (Tr. at 18.) "An intentional and voluntary suicide will not be considered an accidental death." 20 C.F.R. § 404.335(a)(2)(i).

Plaintiff argues that Program Operations Manual System ("POMS")[3] GN 00305.105, provides that:

> To establish accidental death by suicide, the development must show that:
>
> 1. the worker's reasoning faculties were so impaired that he/she did not realize that this act would naturally and probably result in death; or
>
> 2. the worker was acting under a delusion which overpowered his/her understanding and will.

(Pl.'s MSJ (ECF No. 15) at 8.)

However, the "POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." Lockwood v. Commissioner Social Sec. Admin., 616 F.3d 1068, 1073 (9th Cir. 2010); see also Carillo-Yeras v. Astrue, 671 F.3d 731, 735

---

[3] POMS is "the policy and procedure manual currently used by employees of HHS in evaluating claims." Evelyn v. Schweiker, 685 F.2d 351, 352 n.5 (9th Cir. 1982).

4

(9th Cir. 2011) ("POMS may be entitled to respect . . . to the extent it provides a persuasive interpretation of an ambiguous regulation . . . but it does not impose judicially enforceable duties on either this court or the ALJ.").

Moreover, the ALJ's decision considered POMS GN 00305.105 in light of the evidence of record in reaching the conclusion that the insured's death by suicide was not accidental. (Tr. at 18-19.) Plaintiff finds fault with the ALJ's treatment of the lay witness testimony and plaintiff's own testimony that argued that the insured would not have intentionally and voluntarily committed suicide. (Pl.'s MSJ (ECF No. 15) at 7-10.) However, the court can find no error with the ALJ's finding that such testimony was speculative, "the Death Certificate . . . indicate[d] that the insured's cause of death was a shotgun wound to the left chest and abdomen," and that:

> There [was] no medical evidence of record or other eyewitness accounts of the claimant's suicide demonstrating that his reasoning facilities were so impaired that he did not realize that the act would naturally and probably result in death, or that he was acting under a delusion which overpowered his understanding and will.[4]

(Tr. at 20.)

The court, therefore, finds no error with respect to the ALJ's finding and plaintiff's motion for summary judgment is denied as to this claim.

**CONCLUSION**

The court has found that plaintiff is not entitled to summary judgment on any claim of error.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is denied;

2. Defendant's cross-motion for summary judgment (ECF No. 19) is granted;

////

////

////

////

---

[4] Plaintiff's argument acknowledges that under this provision, "Death by suicide is accidental only if at the time of death the deceased was so mentally impaired/ill as to be incapable of acting intentionally or voluntarily." (Pl.'s MSJ (ECF No. 15) at 8.)

3. The decision of the Commissioner of Social Security is affirmed; and

4. The Clerk of the Court shall enter judgment for defendant and close this case.

Dated: March 8, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\neidlinger2423.ord